UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DOUGLAS and TRENA SEARLE,   No. 11-14419

                     Debtor(s).
_____/

MARSHA HULCE,

                     Plaintiff(s),

       v.   A.P. No. 12-1045

DOUGLAS and TRENA SEARLE,

                     Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

     At the time debtors and defendants Douglas and Trena Searle filed their Chapter 7 bankruptcy petition, they were defendants in a Washington State lawsuit filed by plaintiff Marsha Hulce alleging that the Searles violated Washington securities laws. After the bankruptcy, Hulce filed this adversary proceeding seeking to establish that her claims against the Searles are nondischargeable.

     The complaint has two essential claims: that the Searles lied to Hulce in order to induce her to

1

invest in a casino, and that the Searles sold Hulce unregistered securities. If proven, the former would be nondischargeable under § 523(a)(2) and § 523(a)(19) of the Bankruptcy Code, while the latter would be nondischargeable only under § 523(a)(19).

The Searles have filed a motion for summary judgment as to the claims under § 523(a)(19). They argue that there can be no nondischargeable debt under § 523(a)(19) because there is no judgment for securities violations. The law does not support this position. At most, the allegations under § 523(a)(19) are premature.

Prior to the 2005 amendments to the Bankruptcy Code, it was arguable that a prepetition judgment was necessary to establish that a debt was nondischargeable under § 523(a)(19). However, "[t]he 2005 amendments eliminated any requirement that a prepetition judgment exist before the section 523(a)(19) exception to discharge may be applied." 4 **Collier on Bankruptcy (16th Ed.)**, ¶ 523.27, p. 523-130. Accordingly, the court cannot grant the Searles' motion.

When there is no prepetition judgment, there is a split among the courts as to how a bankruptcy court should proceed. Some court have held that the bankruptcy court can use its discretion to either hear the allegations itself or abstain in favor of the non-bankruptcy court. The leading case for this position is *In re Chan,* 504 (Bkrtcy.E.D.Pa. 2006). Other courts have held that the judgment must always be made by a court other than the bankruptcy court. See, e.g., *In re Bundy,* 468 B.R. 916, 922 (Bkrtcy.E.D.Wash. 2012). Since the Searles themselves desire the state court to adjudicate the matter, the court has no difficulty abstaining in favor of the state court.

For the foregoing reasons, the Searles' motion for summary judgment will be denied, but the court will abstain from determining if the Searles have violated any securities laws. The first, second and third claims of the complaint will be dismissed without prejudice. Hulce will be allowed to proceed with the pending litigation in Washington state court, notwithstanding the automatic stay and the discharge injunction.

Counsel for Hulce shall submit an appropriate for of order, which counsel for the Searles has approved as to form.

1  Dated:  July 16, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

3